AO 241 (Rev. 09/17)

RECEIVED
MAR 0 9 2023
BY MAIL

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern | |
|---|---|---|
| Name (under which you were convicted): Dyanthany Proudie | | Docket or Case No.: 1:23CV33NCC |
| Place of Confinement: Southeast Correctional Center | | Prisoner No.: 187532 |
| Petitioner (include the name under which you were convicted) Dyanthany Proudie | v. | Respondent (authorized person having custody of petitioner) Bill Stange |
| The Attorney General of the State of: Andrew Bailey | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Circuit Court of the City of Saint Louis, Civil Courts Building, 10 N Tucker Blvd, Saint Louis, Missouri 63101

   (b) Criminal docket or case number (if you know): 1322-CR01059-01

2. (a) Date of the judgment of conviction (if you know): 10/23/2014
   (b) Date of sentencing: 12/05/2014

3. Length of sentence: Life W/O Parole (Life W/O Parole, 30 CC)

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Murder in the first degree and armed criminal action

6. (a) What was your plea? (Check one)
   ☑ (1) Not guilty    ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty        ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ☑ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes     ☑ No

8. Did you appeal from the judgment of conviction?

    ☑ Yes     ☐ No

9. If you did appeal, answer the following:

    (a) Name of court: Missouri Court of Appeals, Eastern District

    (b) Docket or case number (if you know): ED102369

    (c) Result: Affirmed.

    (d) Date of result (if you know): 05/24/2016

    (e) Citation to the case (if you know): 493 S.W.3d 6 (Mo. App. E.D. 2016)

    (f) Grounds raised: (1) The trial court abused its discretion in excluding the testimony of Chad Jones which was offered to prove that Holtzclaw committed the murder, (2) the trial court erred in excluding the testimony of Chad Jones solely due to reasons of sufficient reliability as Holtzclaw was an available declarant and Holtzclaw's prior inconsistent statement should have been admitted through Jones as substantive evidence to impeach Holtzclaw's credibility, and (3) the trial court erred in overruling my Batson objections to the State's preemptory strikes of Venirepersons McKinnon and Primus.

    (g) Did you seek further review by a higher state court?     ☐ Yes   X No

        If yes, answer the following:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Result:

AO 241 (Rev. 09/17)

      (4) Date of result (if you know): _____

      (5) Citation to the case (if you know): _____

      (6) Grounds raised: _____

   (h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes   **X** No

      If yes, answer the following:

      (1) Docket or case number (if you know): _____

      (2) Result: _____

      (3) Date of result (if you know): _____

      (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

   (a)  (1) Name of court:  Circuit Court of the City of Saint Louis

      (2) Docket or case number (if you know):  1622-CC10522

      (3) Date of filing (if you know):  09/12/2016

      (4) Nature of the proceeding:  Motion for post-conviction relief under R. 29.15

      (5) Grounds raised: (1) IAC in failing to strike Anthony Blalock, (2) IAC and violation of due process based on my lack of presence and input in jury selection, (3) IAC in failing to interview, subpoena, and call Monica Bush and Marcellus Gillespie, (4) IAC in failing to interview, subpoena, and call Patricia West, (5) IAC in advising me not to take the stand, (6) IAC in failing to withdraw despite a conflict of interest, (7) IAC in failing to impeach Ahmad Williams by presenting evidence through cross and calling JoAnn Matthews, JoDee Gillespie, and Love Proudie, (8) IAC in failing to argue that Jones' testimony was admissible as a prior inconsistent statement, and (9) IAC in failing to offer a nested lesser included offense instruction of voluntary manslaughter and involuntary manslaughter.

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☑ Yes   ☐ No

      (7) Result:  Affirmed.

Page 4 of 16

(8) Date of result (if you know): 02/23/2021

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Missouri Court of Appeals, Eastern District

(2) Docket or case number (if you know): ED109543

(3) Date of filing (if you know): 11/24/2021

(4) Nature of the proceeding: Appeal of the denial of post-conviction relief

(5) Grounds raised: (1) IAC in failing to move to strike for cause or preemptorily, Anthony Blalock, (2) IAC in failing to subpoena and call material witness Monica Bush to testify at trial, (3) IAC in failing to subpoena and call material witness Marcellus Gillespie to testify at trial, (4) IAC in failing to interview, properly investigate, subpoena and call Patricia West to testify at trial, (5) IAC in failing to impeach Ahmad Williams' trial testimony by presenting evidence through cross-examination of Williams and by calling JoAnn Matthews, JoDee Gillespie, and Love Proudie, and (6) IAC in failing to argue Chad Jones' testimony was admissible as substantive evidence as a prior inconsistent statement.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    X No

(7) Result: Affirmed.

(8) Date of result (if you know): 04/19/2022

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No
(2) Second petition:   ☑ Yes    ☐ No
(3) Third petition:    ☑ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** See attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   **X** Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   **X** No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:**   See attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:   N/A

(c) **Direct Appeal of Ground Two:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   **X** No

  (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:   Ineffective assistance of counsel claims may not be raised on direct appeal in Missouri.

(d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes   ☐ No

  (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:   Rule 29.15

    Name and location of the court where the motion or petition was filed:   Circuit Court of the City of Saint Louis

    Docket or case number (if you know):   1622-CC10522

AO 241 (Rev. 09/17)

Date of the court's decision: 02/23/2021

Result (attach a copy of the court's opinion or order, if available): Denied.

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Missouri Court of Appeals, Eastern District

Docket or case number (if you know): ED109543

Date of the court's decision: 04/19/2022

Result (attach a copy of the court's opinion or order, if available): Affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** See attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Page 9 of 16

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes   X No

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel claims may not be raised on direct appeal in Missouri.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 29.15

Name and location of the court where the motion or petition was filed: Circuit Court of City of Saint Louis

Docket or case number (if you know): 1622-CC10522

Date of the court's decision: 02/23/2021

Result (attach a copy of the court's opinion or order, if available): Denied.

(3) Did you receive a hearing on your motion or petition?  ☑ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?  ☑ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Missouri Court of Appeals, Eastern District

Docket or case number (if you know): ED109543

Date of the court's decision: 04/19/2022

Result (attach a copy of the court's opinion or order, if available): Affirmed.

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** See attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why: Ineffectiveness of post-conviction motion court counsel in failing to raise this meritorious claim.

(c) **Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes  **X** No
(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☐ Yes  **X** No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Ineffectiveness of post-conviction motion court counsel in failing to raise this meritorious claim.

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   **X** No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Claim 4 - ineffective assistance of motion court post-conviction counsel in failing to raise this meritorious claim.

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: See 13(a).

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   **X** No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.   N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   **X** No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   N/A

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing:

   (b) At arraignment and plea: Bradford Kessler, 1401 South Brentwood Boulevard, Suite 950, Saint Louis, Missouri 63144

   (c) At trial: Bradford Kessler, 1401 South Brentwood Boulevard, Suite 950, Saint Louis, Missouri 63144

   (d) At sentencing: Bradford Kessler, 1401 South Brentwood Boulevard, Suite 950, Saint Louis, Missouri 63144

   (e) On appeal: Gregory Smith, 7733 Forsyth Boulevard, Suite 1850, Saint Louis, Missouri 63105

   (f) In any post-conviction proceeding: Maleaner Harvey, 1010 Market Street, Suite 1100, Saint Louis, Missouri 63101

   (g) On appeal from any ruling against you in a post-conviction proceeding: Maleaner Harvey, 1010 Market Street, Suite 1100, Saint Louis, Missouri 63101

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   X No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   X No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

   N/A

AO 241 (Rev. 09/17)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **reverse my unconstitutional convictions + sentences.**

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on **2-09-23** (month, date, year).

Executed (signed) on **2-09-23** (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Question 12

Claim 1: My rights to due process of law and a fair trial were violated due to the trial court's refusal to allow Chad Jones' testimony at trial. This evidence was crucial to my defense. Due to the trial court's abuse of discretion, I was denied my right to present a complete defense. Had my right to present a defense not been violated, there is a reasonable probability that the result of my trial would have been different, and I would not have been convicted of the charges.

Claim 2: My trial attorneys were ineffective in failing to move to strike for cause or peremptorily, Anthony Blalock, who stated he had personal feelings and information about the case because he previously worked with two people who knew the victim and they talked about the victim being killed. Blalock told the court he would "try to stay impartial" and he did not know if he could listen to testimony about a person being killed. My trial attorneys failed to move to strike Blalock for cause or peremptorily even though his statements indicated he could not be fair and impartial in deciding my case. But for trial counsel's ineffectiveness, there is a reasonable probability the outcome of my trial would have been different.

Claim 3: My trial attorneys were ineffective in failing to impeach Ahmad Williams' testimony by presenting evidence through cross-examination of Williams and by calling JoAnn Matthews, JoDee Gillespie, and Love Proudie as defense witnesses. These witnesses would have testified that Williams wanted to implicate me in the murder so that he could collect the reward money in the case. But for trial counsel's ineffectiveness, there is a reasonable probability the outcome of my trial would have been different.

Claim 4: I was denied due process of law in violation of my constitutional rights under the Fourteenth Amendment to the United States Constitution based on the State presenting perjured testimony that I threatened Maurice Holtzclaw and Ebony Jackson. The State presented this evidence at my trial even though it knew that this testimony was false. Had the State not presented this perjured testimony, the outcome of my trial would have been different.

Southeast Correctional Center
300 East Pedro Simmons Drive
Charleston, Missouri 63834

CERTIFIED MAIL
7015 0640 0004 2726 5351

United States District Court
for the Eastern District of Missouri
111 South 10th Street
Saint Louis, Missouri 63102

RECEIVED
MAR 09 2023
BY MAIL

U.S. POSTAGE PAID
FCM LG ENV
KANSAS CITY, MO
64114
MAR 06, 23
AMOUNT
$6.13
R2304M110988-08

RDC 99